NO. 12-07-00229-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DAMON T. WILSON,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Damon T. Wilson appeals his conviction for aggravated sexual assault of a child and
indecency with a child. After finding him guilty, the jury assessed punishment at imprisonment for
twenty-five years and twenty years, respectively. In his sole issue, Appellant contends he was denied
a fair sentencing hearing. We affirm.


Background

 A jury found Appellant guilty of aggravated sexual assault of a child and one count of
indecency with a child. Evidence was presented in the sentencing phase and the court allowed a
break before arguments. While the jury was still out of the courtroom, the trial judge stated on the
record that he received a note from the jury foreman that Appellant's wife confronted one of the
jurors during the last break. The judge asked Mrs. Wilson whom she talked to. She denied talking
to anyone on the jury. The judge said he would take up the matter later but announced he would
instruct the jury that they should not take into consideration anything they heard during recess or
consider "anybody they talked to." The judge then asked the parties, "Anything else need to be
done?" Counsel for the State and counsel for Appellant both responded, "No, Your Honor." Both
sides then reviewed the court's written charge to the jury, which did not mention the incident
involving Mrs. Wilson, and neither side had any objections to the charge.

 When the jury was brought back to the courtroom, the judge made the following statement:


 I'm going to acknowledge receipt of the note that your presiding juror gave to me about a
confrontation during the break. I'll deal with that later. Right now I'll give you the instruction that
you should not let that play any part in your deliberations during this phase of the case, and totally
disregard that, and that should not have any affect [sic] on your deliberations or what appropriate
punishment you have. I will deal with that at a later time.



Counsel presented their arguments, and the jury deliberated and returned with its verdict. The trial
court read the verdict and then asked counsel for both sides if they needed to raise "anything before
the jury is discharged." Counsel for both sides said "no." The court pronounced the sentences found
by the jury. The court then ordered Mrs. Wilson to appear at a hearing to be held in three days and
show cause why she should not be held in contempt for confronting a juror. Before discharging the
jury, the court asked the prosecutor to speak to the jurors about the incident.


Sentencing Phase

 In his sole issue, Appellant contends the trial court erred in not declaring a mistrial or
conducting a hearing to inquire as to whether interaction between Mrs. Wilson and a juror would
affect the juror's deliberation or decision. He argues that the juror was allowed to consider evidence
that was not introduced in open court or subject to cross examination. Further, he complains that
the trial court gave only an oral instruction to the jury, rather than a written instruction concerning
the incident. Therefore, he contends, he was denied a fair sentencing trial.

 To preserve a complaint for our review, a party must have presented to the trial court a timely
request, objection, or motion stating the grounds for the ruling sought. See Tex. R. App. P. 33.1. 
The trial court gave Appellant the opportunity to raise these complaints, and any others, at trial. 
Instead of presenting these complaints to the trial court, Appellant specifically stated on the record
that nothing more needed to be done about the matter of his wife's interaction with a juror. As a
result, Appellant has waived his complaints. Id. We overrule Appellant's sole issue.


Disposition

 We affirm the trial court's judgment.




 SAM GRIFFITH 

 Justice



Opinion delivered September 3, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.























(DO NOT PUBLISH)